UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JILL G.,[1]

        Plaintiff,

v.                                    20-CV-766 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

───────────────────────────────

## DECISION AND ORDER

Plaintiff Matthew G. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 10. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 12, 13. Plaintiff Matthew G. passed away, and on June 24, 2022, his mother, Jill G., was substituted as Plaintiff under Rule 25(a)(1) of the Federal Rules of Civil Procedure. Dkt. 15. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Matthew's application for Title II Disability Insurance Benefits ("DIB") and his application for Title XIV Supplemental Security Income ("SSI"), both filed on March 22, 2017.[2] Tr. 177-80.[3] Matthew alleged that he had been disabled since October 31, 2016 due to the following condition: type 1 diabetes, depression, panic disorder, post-traumatic stress disorder ("PTSD"), substance abuse disorder, traumatic brain injury ("TBI"), and a peptic ulcer. Tr. 68-69. Matthew's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 90-99, 100-08.

Following the hearing, in which Matthew was represented by counsel, ALJ V. Paul McGinn issued a decision finding that Matthew was not disabled. Tr. 15-32. Matthew's request for Appeals Council review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

---

[2] Matthew applied for both DIB and SSI. Receiving DIB requires a showing that the claimant became disabled while meeting the Act's insured status requirements. *See generally Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022); 42 U.S.C. § 423(d)(1)(A). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 9 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 9 are hereby denoted "Tr. ___."

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial work activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(c); *see also* 20 C.F.R. §§ 404.1525, 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 404.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's

medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the ALJ to prove that a significant number of jobs in the national economy exist that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ determined that Matthew had not engaged in substantial gainful activity since his alleged onset date of October 31, 2016. Tr. 18. He also found that

Matthew suffered from the following severe impairments: substance use disorder, diabetes mellitus type I, depression, and anxiety. Tr. 18. The ALJ further found that Matthew's impairments, including his substance use disorder, met Listing 12.04 for Depressive, Bipolar, and Related Disorders and Listing 12.06 for Anxiety and Obsessive-Compulsive Disorders under 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 24.

The ALJ, however, concluded that Matthew's substance use was a contributing factor material to the disability determination and that his remaining limitations would not cause more than a minimal impact on his ability to perform basic work activities if his substance use ended. Tr. 26-31. Therefore, according to the ALJ, Matthew was not entitled to DIB or SSI at any time following the alleged onset date of October 31, 2016. Tr. 31.

## II.     Plaintiff's Argument

Plaintiff makes three arguments for judgment in her favor. *See* Dkt. 10-1 at 1. First, Plaintiff asserts that the ALJ's finding that Matthew had no severe physical impairments was unsupported by substantial evidence. *Id.* at 15. Second, she claims that the ALJ improperly evaluated the relationship between Matthew and Licensed Clinical Social Worker ("LCSW") Daniel V. Norton. *Id.* at 18. Lastly, Plaintiff argues that the ALJ improperly concluded that Matthew's substance use disorder was a contributing factor material to the disability determination. *Id.* at 22. As set forth below, Plaintiff's arguments are without merit.

### III.  Analysis

#### A. The ALJ found properly Matthew's TBI and carpal tunnel and cubital tunnel syndrome to be non-severe physical impairments.

Plaintiff first argues that the ALJ erred at step two in finding Matthew's TBI and carpal tunnel and cubital tunnel syndrome to be non-severe impairments. Dkt. 10-1 at 15.

The claimant bears the burden of establishing severity at step two. *Felix S. v. Comm'r of Soc. Sec.*, _ F. Supp. 3d _, No. 20-CV-06703, 2022 WL 4486319, at *3 (W.D.N.Y. Sept. 22, 2022) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)). This requirement is *de minimis* and is intended only to screen out the weakest of claims. *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). The "mere presence of a disease or impairment, or establishing that person has been diagnosed or treated for a disease or impairment" is insufficient to establish severity. *Felix S.*, 2022 WL 4486319, at *3 (internal quotation marks and citation omitted). To be severe, an impairment "must cause more than minimal limitations in [a claimant's] ability to perform work-related functions." *Id.* (internal quotation marks and citation omitted).

Matthew sustained a TBI on March 20, 2017 from an "intoxicated fall from standing." Tr. 694. The ALJ found Matthew's TBI to be non-severe because it resulted in a hospitalization lasting less than thirty days and because Matthew was cleared to work and drive by January 4, 2018. Tr. 24, 694, 795. The ALJ did note, however, that Matthew experienced a "brief exacerbation of symptoms following his

TBI" while seeing Christopher D. Radziwon, Ph.D., between June and August 2017. Tr. 22 (citing Tr. 666-67, 774-80). The ALJ pointed to a lack of evidence relating to Matthew's carpal tunnel and cubital tunnel syndrome prior to March 5, 2019, and he found that the impairment did not meet the Act's durational requirement and that Matthew's signs and symptoms were "minimal." Tr. 24 (citing 20 C.F.R. §§ 404.1509, 416.909); Tr. 985.

Plaintiff cites to pieces of evidence in the record she believes establishes the severity of Matthew's TBI and carpal tunnel and cubital tunnel syndrome. Dkt. 10-1 at 16 (citing Tr. 664, 863). One such piece of evidence was Matthew's experience of "numbness and tingling in his right arm" in October 2018 that he associated with his TBI. *Id.* (citing Tr. 863). Plaintiff argues that the October 2018 complaint was sufficient to establish that Matthew's TBI and his carpal tunnel and cubital tunnel syndrome met the durational requirements of the Act. *See* Dkt. 10-1 at 16-17. As the ALJ discussed, however, "[a]n adjudicator cannot combine two or more unrelated severe impairments to meet the 12-month duration test." Tr. 24 (citing 20 C.F.R. §§ 404.1523(a), 416.923(a)); *see also Chichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting 42 U.S.C. § 423(d)(1)(A)) (stating that disability under the Act requires a claimant to have a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). Matthew's symptomology in October 2018 was from either his TBI or his carpal tunnel and cubital tunnel syndrome, but not both. As such, Plaintiff cannot point to this report

as establishing that Matthew's TBI and his carpal tunnel and cubital tunnel syndrome met the Act's duration requirement.

Further, evaluating the severity of Matthew's physical impairments was a task wholly within the province of the ALJ. *See Venio v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). It is not enough for Plaintiff to claim that she would have interpreted the medical record differently; she instead needed to show that no reasonable factfinder could reach the same conclusions as the ALJ. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)). Plaintiff failed to meet this burden and, as such, her first argument fails.[4]

### B. The ALJ considered properly the evidence from Matthew's treating relationship with LCSW Norton.

Plaintiff also argues that the ALJ failed to consider properly the evidence from Matthew's treating relationship with LCSW Norton. Dkt. 10-1 at 18. Plaintiff claims that the ALJ failed in his duty to develop the record and to apply properly the correct regulatory factors in evaluating LCSW Norton's March 2019 opinion. *Id.*

---

[4] The Court notes that even if the ALJ erred at step two, that error was harmless because the ALJ continued with the disability determination. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013).

Given the non-adversarial nature of benefits proceedings, an ALJ has an affirmative duty to develop the record. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). This duty, however, is not limitless: "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks and citation omitted); *Herman S. v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 190, 199 (W.D.N.Y. 2022).

LCSW Norton completed a mental medical source statement on March 12, 2019. Tr. 942-47. In that statement, LCSW Norton noted that Matthew withdrew from treatment sessions in May 2017 but had restarted them again on February 12, 2019. Plaintiff contends that the ALJ was obligated to seek out these records predating Matthew's withdrawal in May 2017. Dkt. 10-1 at 19.

At the hearing, however, the ALJ explicitly asked Matthew's attorney whether there were any outstanding records from LCSW Norton that needed to be admitted to the record, and Matthew's attorney replied, "No, we have, the records from Norton are in." Tr. 42. Plaintiff additionally has not provided any specific reason as to why these notes from LCSW Norton's treatment of Matthew—"which Plaintiff [her]self has failed to obtain—requires remand, particularly considering the robust record already before the ALJ." *Herman S.*, 577 F. Supp. 3d at 199. The administrative record in this case is over 1,000 pages in length, and the ALJ did not solely consider LCSW Norton's opinion when evaluating the severity of Matthew's

10

mental impairments. *See* Tr. 27-28. In other words, "this is not a case where the record was devoid of opinion evidence relative to [Matthew's] [mental] functioning." *Herman S.*, 577 F. Supp. 3d at 199; *see also Williams v. Colvin*, 98 F. Supp. 3d 614, 635 (W.D.N.Y. 2015) ("In sum, the lengthy administrative record was sufficiently robust to provide [the ALJ] with sufficient information to conduct a meaningful assessment of Plaintiff's alleged conditions without the medical source opinions of Plaintiff's treating physicians.").

Further, the ALJ did not improperly apply the relevant regulatory factors when considering LCSW Norton's March 2019 opinion. For claims filed before March 27, 2017, a LCSW is not considered an "acceptable medical source." SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). The ALJ must still consider the opinion of a LCSW if it is relevant to the claimant's disability determination. *See Piatt v. Colvin*, 80 F. Supp. 3d 480, 493 (W.D.N.Y. 2015); 20 C.F.R. §§ 404.1527(f), 416.927(f).

Here, the ALJ found LCSW Norton's "opinion and dire conclusions" from March 2019 to be far less persuasive than Dr. Santarpia's because LCSW Norton's opinion was inconsistent with his own objective findings and with the other objective medical evidence on the record. Tr. 30. The ALJ pointed out that LCSW Norton's conclusion that Matthew "had memory issues and [was] unable to understand, carry out[,] and remember simple tasks" was inconsistent with his own cognitive testing showing "normal and intact mental functioning." *Id.* Therefore,

the ALJ was entitled to find LCSW Norton's "other source" opinion to be less persuasive than the opinion of Dr. Santarpia.[5] *See Piatt*, 80 F. Supp. 3d at 493.

### C. The ALJ concluded properly that Matthew's substance use was a contributing factor material to the disability determination.

Plaintiff's final argument is that the ALJ improperly concluded that Matthew's substance use was a contributing factor material to the disability determination. Dkt. 10-1 at 22. Under the Act, a claimant will not be considered disabled "if alcoholism or drug addiction would (but for this subparagraph), be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C), 1382c(a)(3)(J); *see also* 20 C.F.R. §§ 404.1536(a), 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."). The "key factor" is whether the claimant's remaining limitations, absent those stemming from substance abuse, would require the ALJ to conclude that the claimant is disabled. *See* 20 C.F.R. §§ 404.1535(b)-(c), 416.935(b)-(c); *see also* SSR 13-2p, 2013 WL 521536, at *9 (Feb. 20, 2013) ("To support a finding that [substance use] is material, [the ALJ] must have evidence in the case record that

---

[5] The Court observes that the ALJ considered Dr. Norton's opinion, as well as the other medical opinions in the record, in terms of persuasiveness rather than assigned weight. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c, 416.920c. While neither party pointed this out in their briefings, the Court nevertheless concludes that the error was harmless because "the substance of the treating physician rule was not traversed." *See Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)).

establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of [substance use]."). The claimant has the burden of proving that his substance use disorder is not a contributing factor material to the disability determination. *See Frankhauser v. Barnhart*, 403 F. Supp. 2d 261, 273 (W.D.N.Y. 2005) (citations omitted).

The ALJ found Matthew's mental impairments to meet Listings 12.04 and 12.06 of 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 24. The ALJ concluded, however, that Matthew's substance use was a contributing factor material to the disability determination. Tr. 31. The ALJ arrived at this conclusion after evaluating Matthew's degree of limitation in four functional areas based on his mental impairments. Tr. 24-25, 30-31; *see* 20 C.F.R. §§ 404.1520a(c), 416.920a(c); *see generally Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (discussing the ALJ's application of the "special technique").

The ALJ considered Matthew's substance use disorder in his first performance of the special technique. Tr. 24-25. The ALJ found that Matthew had: (1) no limitation in understanding, remembering, or applying information; (2) a marked limitation in interacting with others; (3) a moderate limitation in concentration, persistence, or pace; and (4) a marked limitation in adapting and managing oneself. *Id.* The ALJ cited to specific pieces of medical evidence supporting these findings, and he found that Matthew's mental limitations were severe when considered in combination with his substance use disorder. *Id.* at 25.

13

The ALJ performed the special technique a second time as if Matthew had stopped his substance use. Tr. 30-31. This time, the ALJ found that Matthew had: (1) no limitation in understanding, remembering, or applying information; (2) a mild limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace; and (4) a mild limitation in adapting or managing oneself. *Id.* Again, the ALJ supported his findings by pointing to specific pieces of medical evidence, and he concluded that Matthew's mental limitations were non-severe absent the substance use disorder. *Id.* at 31.

Plaintiff asserts that the ALJ erred because there was "ample evidence that [Matthew's] substance abuse impairments and his mental health impairments were co-occurring." Dkt. 10-1 at 22. As was the case with her step two arguments, Plaintiff needed to do more than simply disagree with the ALJ's evaluation of the medical evidence to shoulder her burden of proving that Matthew's substance use disorder was not a material contributing factor in the disability determination. *See Frankhauser*, 403 F. Supp. 2d at 273. Thus, Plaintiff's third argument fails.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 12) and **DENIES** Matthew's motion for judgment on the pleadings (Dkt. 10). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   November 17, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE